UNITED STATES DISTRICT COURT
NORTHERN DISCTRICT OF NEW YORK

---

TRACY MARIE VARESIO and JEFFREY J. VARESIO,
Her Husband

                              Plaintiffs,      ***COMPLAINT***

vs.

                              Civil Action Number: 5:19-CV-0115 (BKS/ATB)

COLGATE UNIVERSITY
JOHN DOE(S) Intended to be individual(s),      **JURY TRIAL**
entity(ies), corporation(s), partnership(s), company(ies),  **DEMANDED**
that owned and/or were responsible for maintaining
the premises of Colgate University Campus where
the Plaintiff fell on February 13, 2016.
                            Defendant.

---

The Plaintiffs, as and for a Complaint, by and through their attorney, Robert F. Julian, P.C., respectfully shows to this Court and alleges as follows:

## *THE PARTIES*

1. At all the times herein mentioned, the Plaintiff, TRACY MARIE VARESIO, and her husband, JEFFREY J. VARESIO, were and are residents of 18 Fieldstone Drive, Town of Prospect, and State of Connecticut and were at all times herein mentioned lawfully married and residing as wife and husband.

2. Upon information and belief, and at all the times herein mentioned, the Defendant, COLGATE UNIVERSITY, was and is a business operating in the Village of Hamilton, County of Madison and State of New York.

1

3. Upon information and belief, and at all the times herein mentioned, the Defendant(s), JOHN DOE(S), was and is intended to be individual(s), entity(ies), corporation(s), partnership(s), company(ies), that owned and/or were responsible for maintaining, operating the premises, outside steps of the buildings, on Colgate University Campus where the Plaintiff fell on February 13, 2016.

4. At all times hereinafter mentioned, and in particularly on February 13, 2016, upon information and belief, the defendant COLGATE UNIVERSITY did own a certain building and property, upon information and belief, known as Lawrence Hall located on the campus of COLGATE UNIVERSITY at 13 Oak Drive, Village of Hamilton, New York, County of Madison, and State of New York.

5. At all times hereinafter mentioned, and in particularly on February 13, 2016, upon information and belief, the defendant COLGATE UNIVERSITY did maintain a certain building and property, upon information and belief, known as Lawrence Hall located on the campus of COLGATE UNIVERSITY at 13 Oak Drive, Village of Hamilton, New York, County of Madison, and State of New York.

6. At all times hereinafter mentioned, and in particularly on February 13, 2016, upon information and belief, the defendant JOHN DOE(S) did manage a certain building and property, upon information and belief known as Lawrence Hall located on the campus of COLGATE UNIVERSITY at 13 Oak Drive, Village of Hamilton, New York, County of Madison, and State of New York.

7. At all times hereinafter mentioned, and in particularly on February 13, 2016, upon information and belief, the defendant JOHN DOE(S) did own a certain building and property, upon information and belief, known as Lawrence Hall located on

the campus of COLGATE UNIVERSITY at 13 Oak Drive, Village of Hamilton, New York, County of Madison, and State of New York.

8. At all times hereinafter mentioned, and in particularly on February 13, 2016, upon information and belief, the defendant JOHN DOE(S) did operate a certain building and property, upon information and belief known as Lawrence Hall located on the campus of COLGATE UNIVERSITY at 13 Oak Drive, Village of Hamilton, New York, County of Madison, and State of New York.

## *JURISDICTION AND VENUE*

9. Jurisdiction of this Court is invoked under the provisions 28 U.S.C. §1332.

10. The District Court has original jurisdiction of this matter in that the matter in controversy exceeds the sum or value of $75,000.00 and it is between citizens of different states.

11. This action is for money damages as a result of a personal injury that occurred on February 13, 2016.

12. This action is properly venued in United States District Court for the Northern District of New York because the facts of which the causes of action arise out of occurred within the Northern District and the Defendant's principal place of business is within the Northern District.

13. At all times hereinafter mentioned, and in particularly on February 13, 2016, upon information and belief, the defendant JOHN DOE(S) did maintain a certain building and property, upon information and belief, known as Lawrence Hall located on the campus of COLGATE UNIVERSITY at 13 Oak Drive, Village of Hamilton, New York, County of Madison, and State of New York.

## *FACTS*

14. On February 13, 2016, the Plaintiffs TRACY MARIE VARESIO and JEFFREY J. VARESIO, were on the premises of DEFENDANT COLGATE UNIVERSITY taking a tour of the premises with their daughter who was prospective student of DEFENDANT COLGATE UNIVERSITY.

15. The within claim arose as a result of an incident that occurred on February 13, 2016 when the Plaintiff was walking down the outside steps to exit the Defendant's building, upon information and belief known as Lawrence Hall, when she was caused to slip and fall upon a build-up of ice and snow located thereat, therein causing serious injuries and damages.

## *AS AND FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION, THE PLAINTIFFS SET FORTH THE FOLLOWING:*

16. The negligence, recklessness and carelessness of the Defendant herein, through its agents, servants, representatives and/or employees, among other things, consisted of the following to wit: in creating a dangerous condition by allowing the snow, ice, water or other substance to remain on the stairs leading to and from the entrance of the premises, in failing to keep the premises in their possession and control in a state of good maintenance; in failing to maintain the premises in their possession and control in a safe and good condition; in maintaining the premises in their possession and control in an unsafe and improper condition; in allowing and permitting snow, ice and water, or other substance to exist on the surface of

4

the stairs to and from the entrance where Plaintiff fell, creating a dangerous and hazardous condition; in negligently creating or exacerbating a dangerous and hazardous condition on the steps/stairs; in creating a dangerous, slippery and hazardous condition as a result of snow, ice and water, or other accumulation; in failing to discover the dangerous, slippery and hazardous condition which existed at the premises in their control and possession; in failing to inspect the premises in their possession and control to discover the true condition thereof; in failing to warn the Plaintiff, and others, of the dangerous, slippery and hazardous condition which existed at the premises; in failing to post warning signs or otherwise denoting the existence of the dangerous, slippery and hazardous condition; in failing to keep the premises free from snow, ice and water, or other slippery substances; in allowing and permitting snow, ice, water, or other slippery substances, to accumulate on the steps/stairs in their possession and control; in failing to make the premises safe for persons lawfully thereat; in failing to discover the dangerous, slippery and hazardous condition which existed at the premises which they maintained, and were responsible for maintaining, and more specifically to remove the snow, ice, water, or slippery substance, which had formed on the stairs/steps at the front of said premises; failure to perform their obligations with regards to snow, ice, water, or other substance removal, which said failure positively or actively worked an injury upon the Plaintiff herein; failing to clear away snow, ice and other slippery substances from the stairs/steps; failing to apply sand, salt or other ice melting substances to the stairs/steps; in allowing the stairs/steps to be in a state of disrepair; in allowing ice/snow to build

up on the stairs/steps which was in a state of disrepair causing a further dangerous condition; in causing Plaintiff to detrimentally rely on their continued performance of their obligations, with regards to snow, ice, water and/or other accumulations; in failing to take every or, in fact, any steps whatsoever to protect the Plaintiff from injury at said premises; in violating New York State Building Codes; in failing to take every or, in fact, any steps whatsoever to prevent the accident and injuries to the Plaintiff TRACY MARIE VARESIO and the Defendants were otherwise negligent.

17. That solely by the reason of the recklessness, carelessness and negligence of the Defendants, and as a direct and proximate cause thereof, the Plaintiff, TRACY MARIE VARESIO, was injured internally, externally and permanently in and about her head, body, limbs and nervous system, so that she became sick, sore, lame and disabled, and suffered severe injuries in and about her body, and complications resulting therefrom including but not limited for fractures of the wrist and tailbone and neck and back sprain/strain; that the injuries and the results and consequences thereof, upon information and belief, are permanent in nature; that she received and will receive considerable medical care and attention for her injuries and has incurred and will incur considerable bills for said care and attention; and that she experienced great physical pain and mental anguish.

18. By reason of the premises, the Plaintiff, TRACY MARIE VARESIO, has been damaged and seeks judgment against the Defendants in an amount to be determined by a jury upon the trial of the issues herein, together with the costs and disbursements of this action.

## *AS AND FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION, THE PLAINTIFF JEFFREY J. VARESIO SETS FORTH THE FOLLOWING:*

19. At all the times herein mentioned, Plaintiff, JEFFREY J. VARESIO, was and still is the husband of the Plaintiff, TRACY MARIE VARESIO and as such, lived and cohabited with the Plaintiff in their marital dwelling in Prospect, Connecticut.

20. Prior to the times, the Plaintiff's said wife was in good health and fully capable of performing, and actually did perform, all the usual and customary duties of a wife in and about their marital household.

21. As a result of the negligence of the Defendant, as herein before set forth, the Plaintiff's said wife was injured, bruised and wounded so that she became sick, sore, lame and disabled, and so remains; that the Plaintiff, JEFFREY J. VARESIO, has been deprived of the services of his said wife; and his comfort and happiness in his society and companionship have been impaired.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant as follows:

A. Monetary compensatory damages to be determined by a jury, including but not limited to, personal injuries, past and future conscious pain and suffering, loss of wages, mental anguish, loss of pursuit of happiness, loss of enjoyment of life, other economic losses, special damages sustained by the Plaintiff, TRACEY MARIE VARESIO; as well as derivative damages sustained by the Plaintiff, JEFFREY J. VARESIO;

B. Such other and further relief as this Court determines to be just, fair, appropriate, and proper.

7

## JURY DEMAND

Plaintiffs demand a jury trial of all claims stated herein.

Dated: January 25, 2019

Yours, etc.

**ROBERT F. JULIAN, ESQ.**
**ROBERT F. JULIAN, P.C.**
**Bar Roll No. 601157**
Attorney for Plaintiffs
Office & P. O. Address
2037 Genesee Street
Utica, NY 13501
Telephone: (315) 797-5610